(26 Misc. Rep. 571.)

### In re COLTON et al.

(Supreme Court, Special Term, Orange County. March, 1899.)

CORPORATIONS—REDUCTION OF CAPITAL STOCK—INJUNCTION.

Six directors of a corporation were equally divided as to the management of the affairs of the company. No election of directors was held by the stockholders, as should have been done, in December, 1898. In January, 1899, the directors unanimously resolved to liquidate the business of the corporation. In February, 1899, three of the directors petitioned the court, stating that certain other directors had given notice of a special meeting of the stockholders to reduce the capital stock, and had served notice on the stockholders for a meeting to elect directors, and asked for an order restraining the stockholders from so doing. It appeared that the stockholders had a meeting in January, and elected directors and other officers; that the shares represented by the petitioning directors were less than 300, while the shares represented in the votes for the directors were 2,641, in number; that, at the time the petition for the dissolution of the company was presented to the court, petitioning directors did not inform the court of such election. Held, that it was immaterial whether the election was regular or not, as the persons elected were directors de facto, and the directors of the company would not be restrained from reducing its capital stock, and placing the company on a firm basis.

In the matter of the application of John B. Colton and others, directors of the Bay State Shoe & Leather Company of New York, for the dissolution of such corporation. Motion by such directors to show cause why the corporation should not be restrained from reducing its capital stock, and holding an election of directors, until a hearing should be had on the original application. Motion denied.

Howard H. Morse, for petitioners.

William C. Beecher, for respondents.

HIRSCHBERG, J. Irrespective of the questions of irregularity and want of power, the papers presented require a denial of the application for a restraining order on the merits. The Bay State Shoe & Leather Company of New York is a domestic corporation, with a capital of $400,000, divided into 4,000 shares. On the 4th of February, 1899, John B. Colton, Frederick A. Neergaard, and Emerson Howe presented a petition to the court, asking for the dissolution of the company. In this petition, which was dated and verified January 25, 1899, the petitioners stated that the board of directors of the company originally consisted of seven members, but that at that time it consisted of six only, one of the original members, Thomas E. Hapgood, having died on or about March 10, 1897, and that the said petitioners and Charles E. Bigelow, Edwin W. Bigelow, and William C. Beecher were the six directors of the company at that time. The

petition further stated that the directors were equally divided respecting the management of the affairs of the company, the petitioners favoring a dissolution, and being opposed by the other three members of the board respecting the management of the company's affairs; that directors should have been elected at the annual meeting of the stockholders in December, 1898, but no election was then held, nor has there been any meeting for election of directors during the past year. It further stated that on January 17, 1899, the directors unanimously adopted a resolution calling for the immediate liquidation of the business of the company, owing to the impairment of its capital stock to the extent of nearly $80,000. There was no allegation in the petition that the corporation was in fact insolvent. The application was entertained under section 2420 of the Code of Civil Procedure; and an order was duly granted on February 4, 1899, requiring all persons interested in the company to show cause, before a referee therein named, at his office, on the 10th day of May, 1899, why the corporation should not be dissolved. On the 24th day of February, 1899, the said petitioners presented their affidavits to the justice of the court by whom the order to show cause of February 4th had been granted; setting forth that the said Charles E. Bigelow, Edwin W. Bigelow, and William C. Beecher, directors as aforesaid, together with William F. Turner and E. Fred Hull, who claimed to be directors, had given notice of a special meeting of the stockholders of the company to be held on February 20, 1899, for the purpose of reducing the capital stock from $400,000 to $300,000, and also that a notice had been served on the stockholders calling a meeting for February 27, 1899, for the purpose of electing directors and other officers of the company for the current year. On these affidavits, and the papers in the dissolution proceedings, an order was granted requiring the company and William C. Beecher, one of its directors, to show cause why an order should not be granted restraining the corporation, its directors and stockholders, from reducing its capital stock and from holding an election of directors, until the hearing before the referee shall be had, and his report made, with a stay of such action in the meantime. On the return of this order to show cause, and from the papers and affidavits then presented, it appears that the meeting of January 17, 1899, referred to in the petition for dissolution, was an adjourned meeting of the annual meeting of the stockholders held in December, 1898, at which the petitioners stated in such petition the directors of the corporation should have been elected; that, on receiving the resolution of the directors in reference to the liquidation of the business of the company, the stockholders appointed a committee to consider and report upon the subject at an adjourned meeting to be held January 24th; that at that meeting the petitioning directors were present as stockholders, and a dispute arose between them and their associates as to whether or not the election of directors should precede or succeed the reception of the report of the committee. The stockholders concluded to proceed first with the election of the board of directors, whereupon the petitioning directors left the meeting. It is quite evident that the stockholders thereupon elected, as far as it was in their power so to do, Charles E. Bigelow, Edwin W. Bigelow, E. F.

Hull, W. F. Turner, William C. Beecher, John B. Colton, and Emerson Howe, directors. The shares represented by the petitioning directors were less than 300, while the shares represented in the affirmative votes for the directors named were 2,641, in number. There can be little doubt but that, at the time when the petition for the dissolution of the company was presented to the court, the petitioning directors knew of this election, and that the stockholders had assumed at the meeting of January 24th to elect a full board of directors to take charge of the affairs of the company. The petition, however, gave no hint to the court of the existence of this important fact.

It is wholly immaterial whether the election of directors was regular or not. The parties elected took charge of the property and business of the company, and were in charge at the time of the application for an order to show cause why the company should not be dissolved. They are at least directors de facto. Whatever irregularities, if any, existed, can be remedied, or, if necessary, a new election can be had, when the wishes of the stockholders can be manifested under every form and requirement of the statute. It is sufficient for the purposes of the pending application that the order of reference would not have been granted with full knowledge of the actual condition of the affairs of the company, and the status of its board, and that, under the circumstances, that order, and the tentative proceedings for dissolution, should not interfere in any degree with honest efforts on the part of a majority of the stockholders to so manage the affairs of the company that dissolution, or at least threatened insolvency, may be averted.

It is a matter of some significance, tending to throw light upon this whole proceeding, that on January 1, 1899, Mr. Neergaard accepted the presidency of the Powell Bros. Shoe Company, a corporation which appears to be a rival, in some degree, at least, of the Bay State Shoe & Leather Company. As such president, he has been sending circulars to the customers of the latter company, soliciting their patronage for the new concern. As he is the owner of but 70 shares of the capital stock of the Bay State Shoe & Leather Company, it may very well be that his interests would be better subserved by a dissolution of the company than by its successful continuance.

The motion for a restraining order will be denied, and the temporary stay vacated, with costs.

Motion denied, and stay vacated, with costs.